38100, 38101. STATE BAR OF GEORGIA v. GENINS; and
vice versa.

PER CURIAM.

These cross appeals are from the trial court's denial of summary judgment to both the State Bar of Georgia and to the attorney against whom the State Bar filed a complaint.

1. The first question to be answered is whether Standard 64 of Rule 4-102 of the Georgia Bar Rules[1] applies to the factual situation in this case. Standard 64 provides that a lawyer shall not fail to pay a final judgment or rule absolute rendered against him for money collected by him as a lawyer. The money collected by Genins in this case was paid directly to him from his client as an attorney fee. It was later determined that Genins had not performed the services for which the fee was paid, and his client secured a judgment against him.

The State Bar contends that Genins' failure to pay this judgment within ten days constitutes a violation of Standard 64 of Rule 4-102. Genins contends that Standard 64 does not contemplate fees voluntarily paid to an attorney. In urging its position, the State Bar relies primarily upon two cases from other jurisdictions. Those

---

[1] Part IV (Discipline), Chapters 1 and 2 of the Rules and Regulations for the Organization and Government of the State Bar of Georgia, 219 Ga. 873, as amended ("Bar Rules").

cases are In re Carter, 164 N. Y. S. 862 (1917), and State v. Goode, 228 Kan. 3 (612 P2d 149) (1980).

We do not find that the cases relied upon by the State Bar are on point with the case now before the court. In each of those cases, the attorney had deducted fees from funds held by him in a fiduciary capacity. Such is not the case here. The money paid to Genins was voluntarily paid and was money to which he would have apparently been entitled had he complied with the agreement with his client. We hold that the phrase "collected by him as a lawyer" as it appears in Standard 64 of Rule 4-102 contemplates money collected and held by a lawyer in a fiduciary capacity and not money collected and held as an attorney fee voluntarily paid. The State Bar's motion for summary judgment was, therefore, properly denied.

2. In his cross appeal, Genins assigns error to the trial court's denial of his motion for summary judgment. In view of the holding in Division 1, we find that a summary judgment should have been granted to Genins.

*Judgment in Case No. 38100 affirmed. Judgment in Case No. 38101 reversed. All the Justices concur, except Hill, P. J., and Marshall, J., who dissent.*

DECIDED APRIL 21, 1982.

*Omer W. Franklin, Jr., General Counsel State Bar, Viola L. Sellers, Assistant General Counsel State Bar,* for State Bar of Georgia.

*Powell, Goldstein, Frazer & Murphy, E. A. Simpson, Jr.,* for Genins.

HILL, Presiding Justice, dissenting.

Standard 64 provides that "A lawyer shall not fail to pay any final judgment . . . rendered against such lawyer for money collected by him as a lawyer. . . ." An attorney's fee is money collected by him as a lawyer. I would apply the standard as written rather than rewrite it.